UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:11-cr-112-JES-SPC

WILLIAM BOKERMAN

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Compassionate Release (Doc. #93) filed on May 18, 2026. The government filed a Response in Opposition (Doc. #94) on June 1, 2026.

*I.*

On November 9, 2011, a grand jury returned a three-count Indictment (Doc. #14) charging defendant with enticing or coercing a minor to engage in sexually explicit conduct outside of the United States to produce and transport the visual depiction of such into the United States (Count One), transporting a visual depiction of a minor engaged in sexually explicit conduct (Count Two), and possession of one or more visual depictions of minors engages in sexually explicit conduct (Count Three). On May 10, 2012, defendant entered a plea of guilty as to Counts Two and Three pursuant to a Plea Agreement (Doc. #45) providing for the dismissal of Count One. (Doc. #49.) Defendant was sentenced to a term of imprisonment of 324 months as to Count Two and 224 months as to

Count Three, to be served concurrently, followed by a term of supervised release for life.  (Doc. #67.)  On appeal, the Eleventh Circuit found that the total sentence "fell within the statutory limits of the offense and at the bottom of the guideline range of 324 to 405 months, which suggests that his sentence complied with the Eighth Amendment."  United States v. Bokerman, 543 F. App'x 974, 977 (11th Cir. 2013).  The Court also denied relief under 28 U.S.C. § 2255.  Bokerman v. United States, No. 2:11-CR-112-FTM-29SPC, 2017 WL 4539324, at *1 (M.D. Fla. Oct. 10, 2017).

## II.

The Court "may not modify a term of imprisonment" after it is imposed except "upon motion of the defendant after the defendant has fully exhausted all administrative rights **to appeal** a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment…."  18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  This exhaustion requirement is mandatory "in the sense that a court must enforce the rule if a party properly raises it."  United States v. Severino, No. 21-11528, 2023 WL 111234, at *3 (11th Cir. Jan. 5, 2023) (citing United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021)).

Defendant states that he exhausted through the proper administrative remedies.  (Doc. #93, p. 5.)  The government argues

- 2 -

that defendant did not exhaust with the Bureau of Prisons.  Finding no evidence of exhaustion, the Court will deny the motion on this basis but alternatively consider the merits.

### III.

A district court "has no inherent authority to modify a defendant's sentence; it may do so only when authorized by a statute or rule."  United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015).  By statute, a district court is authorized to reduce a term of imprisonment when three requirements are satisfied: (1) there are "extraordinary and compelling reasons" for granting a sentence reduction under § 1B1.13 of the Sentencing Guidelines; (2) the 18 U.S.C. § 3553(a) factors favor a reduction; and (3) awarding a sentence reduction would not endanger any person or the community.  United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).  If a defendant fails to satisfy even one of these requirements, a court cannot grant relief and need not analyze the remaining requirements.  United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021).  See also Tinker, 14 F.4th at 1237–38 (the absence of even one condition would foreclose relief).

As to the first requirement, § 1B1.13 of the Sentencing Guidelines sets forth a list of what qualifies as "extraordinary and compelling reasons" to reduce a sentence.  "While the terms 'extraordinary' and 'compelling' leave room for judgment, they are

- 3 -

not so flexible as to encompass any consideration. Their meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." Rutherford v. United States, No. 24-820, 2026 WL 1485535, at *8 (U.S. May 28, 2026) (citations omitted).

One of the enumerated extraordinary and compelling reasons is that a defendant is "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13(b)(2). Defendant is now 79 years old and projected to be released on January 17, 2035. Defendant has served 54 percent of the imposed sentence. (Doc. #94, p. 4.) Defendant was over the age of 65 when he was sentenced, and he does not argue that he is experiencing any physical or mental health issues. Defendant states that he has "medical issues, which have been requested but not yet received." (Doc. #93, p. 5.) This basis fails to justify compassionate release.

As to the second possible extraordinary and compelling circumstance, the government argues that the Sentencing Commission exceeded its authority. (Doc. #94, pp. 9-10.) By statute, the Sentencing Commission is charged with promulgating guidelines for a sentencing court to use in determining the sentence to impose. The Sentencing Commission also makes "general policy statements

- 4 -

regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes" of Section 3553(a)(2), including modification provisions under Section 3582(c). 28 U.S.C. § 994(a)(2)(C). "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). "There is no question that 1B1.13 is *the* policy statement the Commission adopted to comply with this statutory mandate…. In other words, the statutory context shows us that the Commission had an obligation to define 'extraordinary and compelling reasons' for all motions under the statute, and that the Commission did so in 1B1.13." United States v. Bryant, 996 F.3d 1243, 1255 (11th Cir. 2021) (emphasis in original) (internal citations omitted). The Court finds that the amendment to § 1B1.13 was within the Commission's power and is binding in the Eleventh Circuit. See also United States v. McCain, 739 F. Supp. 3d 1026, 1030 (M.D. Fla. 2024) (collecting cases).

Effective November 1, 2023, the Sentencing Guidelines now provide that "extraordinary and compelling reasons" may exist when a defendant received an "unusually long sentence" and satisfies certain other requirements:

- 5 -

> If a defendant received an unusually long
> sentence and has served at least 10 years of
> the term of imprisonment, a change in the law
> (other than an amendment to the Guidelines
> Manual that has not been made retroactive) may
> be considered in determining whether the
> defendant presents an extraordinary and
> compelling reason, but only where such change
> would produce a gross disparity between the
> sentence being served and the sentence likely
> to be imposed at the time the motion is filed,
> and after full consideration of the
> defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). As for this basis, there is no indication of a gross disparity between the sentence that was received or one that would be imposed now. Further, there are no changes in the law that would impact the sentence. The Court finds that defendant's sentence was not an unusually long sentence meriting a reduction. Defendant's argument that he is innocent or that the case was based on "guesswork by the FBI," doc. #93, pp. 4-5, has no bearing on whether the sentence was unusually long. See Fernandez v. United States, No. 24-556, 2026 WL 1485476, at *7 (U.S. May 28, 2026) ("[T]he supposed invalidity of a conviction is not among the 'extraordinary and compelling reasons' that justify compassionate release.")

Finding no extraordinary and compelling reasons exist for compassionate release, the Court "need not consider the §3553(a) factors." United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021). Even if it applied, the Court finds that defendant poses a danger "to the safety of any other person or to the community."

- 6 -

U.S.S.G. § 1B1.13(a)(2) (2023).  This requires looking at the nature and circumstances of the offense charged, the weight of the evidence against defendant, the history and characteristics of the person, and the nature and seriousness of the danger to anyone posed by release.  18 U.S.C. § 3142(g).  At the time of sentencing, defendant was a registered sex offender, had priors for similar conduct, and he directed the conduct of the children in the videos. Bokerman, 2017 WL 4539324, at *12.  Specifically, defendant has a prior conviction from 1993 for sexual assault on a minor or gross sexual imposition placing him in a criminal history category of II.  Id. at *13.  The Court finds that the danger to the community would remain despite defendant's position that "there is a lack of very serious crime in this case."  (Doc. #93, p. 6.)

Accordingly, it is hereby

**ORDERED:**

Defendant's *pro se* Motion for Compassionate Release (Doc. #93) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -